CONCORD v. TOLLESBORO TURNPIKE CO.

[Abstract Kentucky Law Reporter, Vol. 6—370.]

**Taxation for Building a Turnpike.**

> When a turnpike is built under the statute authorizing the county to issue bonds and to assess taxpayers living within one and one-half

miles of the road, if any additional funds are required to complete the road they must be raised by a tax against all the taxpayers of the county and not against those living within one and one-half miles of the road.

## APPEAL FROM LEWIS CIRCUIT COURT.

### November 22, 1884.

OPINION BY JUDGE PRYOR:

In determining the amount of taxation for which these appellees and those they represent are liable it is proper to lose sight of the sale made by appellants of its own bonds as this can not affect the rights of these parties. It was compelled to sell its bonds at par and was allowed to apply the taxes to be collected to their payment but could not increase the amount of taxation by selling its own bonds at a discount. They commenced this road in July, 1869, and finished it in September, 1874. The company had the following means with which to construct the road, the amount of stock subscribed and collected; the $1,000 per mile paid by the county, with the additional sum of $1,000 towards building a certain bridge on the road; also the tax collected off the citizens or taxpayers living within one and one-half miles on either side of the road. All these sums added together will show how much money the company received. If the company has realized from the bonds of the county and these other sums a sum sufficient to build the road then no more tax will be or ought to be levied, except such taxes as are required to take up the county bonds unless this has already been done and this taxation must embrace the entire taxable population and is not confined to those living within one and one-half miles of the road. This is a contest with the taxpayer and the corporation and the latter has no right to squander the funds raised from taxation and then insist that the taxpayer must answer for its own wrong. There has been no effort on the part of the corporation to show what disposition has been made of the fund or any sufficient reason for disposing of the money conceded to have been collected, and still leaving the taxpayer in debt many thousand dollars. The cost of the road was $39,719.84. The corporation has received $40,464.38. From this is to be deducted the sum of $1,812.00, the amount of fees, damages, sheriff's commissions, etc., paid for the purpose of construct-

ing the turnpike, and were necessary expenses incurred. This would leave the taxpayer owing $1,067.76. It has been suggested in argument that payments had been made by the company in advance of the collections made from the county or taxpayer and while this may be this court from the record is unable to determine such a question. The case is not in such a preparation as would authorize this court to open it for further settlement as it is manifest that the company has failed to disclose what has become of the money collected or is so indifferent as to the result as to omit the presentation of its defense, if any it has.

The judgment is *reversed* with directions to dissolve the injunction as to the $1,067.76 and for this with the interest from the date at which it should have been paid the appellees are not entitled to relief.

*W. H. Wadsworth, for appellants.*
*Wm. Lindsay, Geo. T. Halbert, for appellees.*